The Director of the Office of Lawyers Professional Responsibility has filed a petition under Rule 28, Rules on Lawyers Professional Responsibility (RLPR), for transfer of respondent Rachel Elizabeth Bengtson-Lang to disability inactive status. The petition alleges that respondent has medical diagnoses manifesting in physical and mental limitations that render her unable to competently represent clients within the meaning of Rule 28(a), RLPR. Respondent is not currently practicing law.
Respondent has entered into a stipulation with the Director wherein they jointly recommend that respondent be transferred to disability inactive status under Rule 28(a) and (c), RLPR, without further proceedings, coupled with a stay of the pending disciplinary investigation of respondent and vacation of a previously stipulated 2-year period of private probation. The parties have also agreed that if respondent seeks reinstatement, the stay of the disciplinary investigation will be automatically lifted, and that during the reinstatement process the allegations of misconduct arising out of the investigation shall be considered and a recommendation as to the appropriate discipline, if any, shall be made to this court. This court has reviewed the petition and stipulation and concludes that transfer to disability inactive status and a stay of the pending disciplinary investigation are appropriate.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Rachel Elizabeth Bengtson-Lang is transferred to disability inactive status effective as of the date of this order. While on disability inactive status, respondent may not render legal advice, discuss legal matters with clients, or otherwise engage in the practice of law.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of transfer to disability inactive status to clients, opposing counsel, and tribunals).
3. The pending disciplinary investigation of respondent is stayed until such time as respondent petitions for reinstatement to the active practice of law under Rules 18 and 28(d), RLPR. Upon the filing of a petition for reinstatement, the stay of the disciplinary proceedings will automatically be lifted. In addition to the requirements of Rules 18 and 28(d), RLPR, during the reinstatement proceeding, the allegations of misconduct arising out of the investigation shall be considered and a recommendation as to the appropriate discipline, if any, shall be made to this court.
*239 4. Reinstatement shall further be conditioned upon respondent establishing through expert psychological, psychiatric, and medical evidence that she has undergone treatment and has made recovery such that she is physically and psychologically fit to resume the practice of law.
5. Respondent shall no longer be subject to the 2-year period of probation imposed in her previous private stipulation with the Director, although that disposition shall remain part of respondent's disciplinary history.
David L. Lillehaug
Associate Justice